mistakenly wrote a check on the old account, thinking it was on the new account; and apparently failed to take action to correct the error after receiving notification from the bank that her check had been dishonored. On the other hand, however, it appears that the $350 which plaintiff deposited in her old account was transferred by the bank to the new account but that it did not clear the check on the old account against the new account. Erie's negligence in this respect was acknowledged by one of its employees. In view of the factual dispute as to whether Erie's action in dishonoring the check was "wrongful" (Uniform Commercial Code, § 4-402) and whether it was the proximate cause of the insurance policy being canceled, summary judgment will not lie. (Appeals from order of Supreme Court, Erie County, Kasler, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and O'Donnell, JJ.

■ MORRIS SORBELLO, JR., et al., Appellants, v CITY OF FULTON, Respondent. (Appeal No. 1.) — Order and judgment unanimously affirmed, without costs. Memorandum: The trial court found that plaintiffs failed to sustain their burden of proving that the actions of the city were the proximate cause of the flooding to their lands. Upon review of the record, we cannot say that the finding was contrary to the weight of the evidence. (Appeal from order and judgment of Supreme Court, Oswego County, Murphy, J. — negligence, trespass.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and O'Donnell, JJ.

■ STANLEY LEBRO et al., Appellants, v CITY OF FULTON, Respondent. (Appeal No. 2.) — Order and judgment unanimously affirmed, without costs. Same memorandum as in *Sorbello v City of Fulton* (Appeal No. 1) (106 AD2d 865). (Appeal from order and judgment of Supreme Court, Oswego County, Murphy, J. — negligence, trespass.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and O'Donnell, JJ.

■ CHARLES LICCIARDELLO, Appellant, v CITY OF FULTON, Respondent. (Appeal No. 3.) — Order and judgment unanimously affirmed, without costs. Same memorandum as in *Sorbello v City of Fulton* (Appeal No. 1) (106 AD2d 865). (Appeal from order and judgment of Supreme Court, Oswego County, Murphy, J. — negligence, trespass.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and O'Donnell, JJ.

■ JOHN R. ZAPPALA et al., Appellants, v CITY OF FULTON, Respondent. (Appeal No. 4.) — Order and judgment unanimously affirmed, without costs. Same memorandum as in *Sorbello v City of Fulton* (Appeal No. 1) (106 AD2d 865). (Appeal from

order and judgment of Supreme Court, Oswego County, Murphy, J. — negligence, trespass.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and O'Donnell, JJ.

■ In the Matter of GLENDA CONNELL, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF UTICA, Respondent. (Appeal No. 1.) — Judgment unanimously reversed, with costs, and petition granted. Memorandum: Petitioner appeals from an order and judgment dismissing her CPLR article 78 proceeding seeking reinstatement to her former position as guidance counselor. She asserts that Trial Term erred in holding that she was not an employee of the school district and thus could be discharged without consideration of any tenure rights (see Education Law, §§ 2510, 3012). We agree and hold that petitioner is entitled to reinstatement and may be terminated only in a manner consistent with her rights under section 2510 of the Education Law. From 1973 to 1981 (when the facility closed and her services were terminated) petitioner worked in the Career Development Center (CDC), funded under the Comprehensive Employment and Training Act of 1973 ([CETA], US Code, tit 29, § 801 et seq.), through Oneida County and maintained through yearly contracts whereby the school district agreed to provide and administer educational and employment-related programs and the county retained control over course content and budgetary decisions. Petitioner was supervised by the school district's head counselor and enrolled in the New York State Teachers' Retirement System as an employee of the Board of Education. Her responsibilities, consisting of counseling in education, employment and personal matters, were virtually identical to those performed by other guidance counselors employed by the district in the established tenure area of guidance counseling. That her position was financed primarily by Federal grant is not determinative of whether she is entitled to protection under the tenure statutes (see Matter of Feinerman v Board of Coop. Educational Servs., 48 NY2d 491; Matter of Board of Educ. v Nyquist, 45 NY2d 975, revg on dissenting opn below 59 AD2d 76, 79), nor is the fact that she was never formally appointed to her position by the school district (see Ricca v Board of Educ., 47 NY2d 385; Matter of Board of Educ. v Nyquist, supra). The record does not support respondent's contention that a unique tenure area for postsecondary guidance counseling was established by the district and that petitioner was informed thereof (see Matter of Bell v Board of Educ., 61 NY2d 149); nor do we find a basis in the record for a determination that she knowingly waived her right to tenure (see Matter of Feinerman v Board of Coop. Educational Servs., supra). While